UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES L. LEE,

Plaintiff,

vs. Case No. 3:04-cv-364-J-MCR

JO ANNE B. BARNHART, Commissioner of the Social Security Administration,

Defendant.
______________________________________/

# O R D E R

**THIS CAUSE** is before the Court on Application for Approval of the Plaintiff's and Counsel's Contingency Fee Contract which Provides for a Fee of 25 Percent of Plaintiff's Past due benefits and an Award of Attorney's Fees Equal to 25 Percent of Plaintiff's Past Due Benefits Pursuant to 42 U.S.C. Section 406(b) (Doc. 27) filed December 28, 2006. Commissioner filed a response in opposition on January 12, 2007. (Doc. 30).

Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of benefits for his client in this social security appeal (see Doc. 18, Memorandum Opinion and Order reversing and remanding case to Commissioner), received an award of EAJA fees in the amount of $3,006.84 for his 20.05 hours of work in federal court on this case. ( See Doc. 25 Order granting Motion for Attorney's Fees). Upon remand, the Commissioner issued a decision favorable to Plaintiff and awarded Plaintiff past-due

social security disability insurance benefits in the amount of $85,542.52.[1] (Doc. 27, p. 4). Pursuant to 42 U.S.C. §406(b), the Commissioner normally sets aside approximately 25% of a plaintiff's past-due benefits award in escrow for the possible payment of attorney's fees. Here, the Commissioner has set aside $16,160.63 in an escrow account for payment of attorney's fees.

In this application, Plaintiff's counsel presumably seeks recovery for the same hours he claimed in his EAJA application. However, while the hourly rate recovered by Plaintiff's counsel pursuant to his EAJA application was statutorily capped at $125 per hour (plus an increase in the cost of living or an increase for some "special factor"), Plaintiff's counsel now seeks a fee award of 25% of the past-due benefits according to the contingent Fee Agreement entered into by Plaintiff and his attorney. (See executed Social Security Fee Agreement, Doc. 27-2).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." Gisbrecht v.

---

[1] Although Plaintiff's counsel states Plaintiff's past due benefits were $85,842.52, the calculations counsel provides in his memorandum, i.e., [($16,160.63 x 4) + ($5,225.00 x 4)], actually amounts to $85,542.52. Because counsel has not attached a notice of award and because the $16,160.63 withheld in escrow by the SSA plus the $5,225.00 already paid to counsel equals 25% of $85,542.52, the Court presumes the actual amount of benefits due Plaintiff is $85,542.52 rather than the $85,842.52 represented in Plaintiff's brief.

Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted). "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Court recognized as the most common fee arrangement in social security cases. Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. Id. at 808. Other key considerations include the character of the representation and the results the representation achieved. Id. For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. Id.

The Court previously found Plaintiff's counsel reasonably expended 20.05 hours prosecuting this case. The Court has now reviewed the contingent fee contract and has considered the character of the representation, the results the representative achieved, and the time spent on this case, and finds that counsel has not met his burden of showing the reasonableness of the fees requested. The contingent fee requested by Plaintiff's counsel amounts to a windfall given the amount of time spent on this case at the district court. See Gisbrecht, 535 U.S. at 808 (stating it is a court's responsibility to test the reasonableness of fee determinations and the court may appropriately reduce the attorney's recovery if the benefits are large in comparison to the amount of time counsel spent on a case); Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (finding a downward adjustment from a full contingency award was required).

Authorizing an attorney's fee of $16,160.63 for only 20.05 hours of work amounts to approximately $806 per hour. While this Court believes counsel should be compensated above his typical non-contingency hourly fee due to the risk he undertook in representing Plaintiff on a contingency basis, counsel spent little time on this case in comparison to the amount of benefits awarded Plaintiff. This is not a case which required unusual skill or diligence by an attorney. Nor were the issues argued particularly novel or complex; rather, the issues in this case are of the type which are frequently argued in Social Security disability cases.

In light of the fact that Plaintiff's counsel has been involved with this case over the course of several years, the Court will allow Plaintiff's counsel to collect an award which equals an amount of 20% of the past due benefits recovered ($85,542.52 x .20 = $17,108.50) less the $5,225.00 counsel has been awarded pursuant to 42 U.S.C. § 406(a) for administrative work or $11,883.50. This works out to an hourly fee of $592.69 – a fee which is more than sufficient to compensate Plaintiff for his time spent on this case, in addition to the risk taken.

Plaintiff's counsel has already recovered $3,006.84 in EAJA fees in this case and to prevent "double-dipping" Plaintiff's counsel could refund the EAJA fee to Plaintiff upon receipt of the 406(b) award, or alternatively, that sum could be deducted from Plaintiff's counsel's recovery of any escrowed sum. In his brief, Plaintiff's counsel suggested the former method and as the Commissioner did not object to this part of counsel's Motion, the Court will permit it.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Attorney's Amended Motion for Award of Attorney Fees Under 42 U.S.C. Section 406(b) (Doc. 22) is **GRANTED in part and DENIED in part**. The Court finds that a reasonable attorney fee for Plaintiff's counsel, N. Albert Bacharach, for representation of Plaintiff in this Court is **$11,883.50** and the Commissioner is ordered to pay said sum to N. Albert Bacharach. Plaintiff's attorney is directed to refund to Plaintiff **$3,006.84** representing the fee already paid to Plaintiff's counsel under his EAJA application. The Clerk shall enter Judgment accordingly.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 18th day of January, 2007.

Monte C. Richardson

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record